## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | FREDERICK J. KAPALA | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50070 | **DATE** | April 29, 2008 |
| **CASE TITLE** | Sylvester Brinson (#R-29606) vs. Dr. Mesrobian, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's trust fund account for payment to the clerk of court in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Logan Correctional Center, 1096 1350th Street, P.O. Box 1000, Lincoln, Illinois 62656. On the court's own motion, Christopher A. DeRango, Sreenan & Cain, 321 W. State Street, Suite 700, Rockford, Illinois 61101, (815) 962-5490 is appointed as counsel for the plaintiff. The warden having custody over the plaintiff is directed to make the plaintiff available at a designated Department of Corrections video conference facility to appear before Magistrate Judge Michael Mahoney for a status/settlement conference on June 3, 2008 at 10:00 a.m.

■ [**For further details see text below.**]    Docketing to mail notices.

### STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, mental health care providers at the Dixon Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that while confined at Dixon, he was prescribed medications that have caused diabetes and other serious health complications.

The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $2.38. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name **(CONTINUED)**

mjm

## STATEMENT

and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the complaint states a colorable cause of action under 42 U.S.C. § 1983. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). While a more fully developed record may belie the plaintiff's allegations, the defendants must respond to the allegations in the complaint.

Due to the nature of the plaintiff's claims, Christopher A. DeRango / Sreenan & Cain / 321 West State Street, Suite 700 / Rockford, Illinois 61101 / (815) 962-5490 is appointed to represent him. Failure of the plaintiff to notify the court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice.

Within fifteen days of the date of this order, appointed counsel is directed, pursuant to the requirements of Rule 4(d)(2) of the Federal Rules of Civil Procedure, to notify the defendants of the commencement of the action and to request waiver of service of summons. The notices shall be directed to each named defendant employed at the Dixon Correctional Center, c/o Warden Nedra Chandler, Dixon Correctional Center, 2600 N. Brinton Avenue, Dixon, Illinois 61021. Notices to defendants not employed at Dixon Correctional Center shall be directed to each named defendant at the appropriate business address.

The warden having custody over the plaintiff is directed to make the plaintiff available at a designated Department of Corrections video conference facility to appear before Magistrate Judge Michael Mahoney for a status/settlement conference on June 3, 2008 at 10:00 a.m.

It is further ordered that, on the status/settlement date above, the plaintiff shall be prepared to orally present a more definite statement, setting forth in detail the factual bases of his cause of action and the personal involvement of each named defendant. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). All or part of the plaintiff's case may be subject to dismissal if it appears that certain counts or claims do not have a basis in law or in fact. The defendants need not respond to the pending complaint until further order of the court.

It is further ordered that, fourteen days prior to the status/settlement conference date above, without awaiting a discovery request, the parties shall make the following initial disclosures:

    A)    The name of each person having discoverable information relevant to disputed facts alleged with particularity in the pleadings.

    B)    The defendants are ordered to produce copies of all documents contained in the medical file and master file (including investigation reports and incident reports), not privileged or protected from disclosure, relevant to disputed facts alleged with particularity in the pleadings. The plaintiff is ordered to produce copies of all documents in his possession that are relevant to disputed facts.

**(CONTINUED)**

**STATEMENT**

      C)      A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

It is further ordered that counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Defense counsel shall issue the appropriate notice of deposition to plaintiff's counsel.